99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Joseph ZUCCARO, Plaintiff-Appellant,
v.
Elisabeth THEOFAN, Defendant-Appellant.
 No. 95-7487.
 United States Court of Appeals, Second Circuit.
 Dec. 27, 1995.
 
 Appearing for Appellant: Joseph Zuccaro, pro se, Ozone Park, NY
 Appearing for Appellee: Janet L. Zaleon, Assistant Corporation Counsel, Appeals Division, New York, NY.
 E.D.N.Y.
 AFFIRMED.
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 Present: OAKES, WINTER, WALKER, JR., Circuit Judges.
 
 
 1
 Joseph Zuccaro, pro se, appeals from Judge Nickerson's order dismissing his civil rights and labor law claims as barred by the statute of limitations. We affirm.
 
 
 2
 Zuccaro, a former employee of the New York City Department of Transportation, brought this action against the Department, its commissioner, and various other individuals and state agencies, alleging that the Department wrongfully failed to promote him or to compensate him fairly for the job he performed.
 
 
 3
 Although Zuccaro cited statutory provisions that do not exist as the basis for his claim, Judge Nickerson construed Zuccaro's complaint as asserting claims under both the Labor Management Relations Act, 29 U.S.C. §§ 141 et. seq. ("LMRA") and 42 U.S.C. § 1983. Judge Nickerson went on to dismiss the complaint, holding that under both statutes the claims were time-barred.
 
 
 4
 To the extent that Zuccaro seeks to allege a claim under Section 301 of the LMRA, the federal courts lack subject matter jurisdiction over the claim. Zuccaro was an employee of the Department of Transportation. Public employees and employers are simply not covered by the LMRA. 29 U.S.C. § 152 (exempting "any State or political subdivision thereof"); Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266 (6th Cir.1990)(regional transit authority is political subdivision and therefore exempt from the LMRA); Ayres v. Int'l Bhd. of Elec. Workers, 666 F.2d 441 (9th Cir.1982)(employee of county utility district not covered by Section 301 of the LMRA); Crilly v. Southeastern Pennsylvania Transp. Auth., 529 F.2d 1355 (3d Cir.1976)(state transportation authority is a political subdivision under the act and therefore employees are not covered by the LMRA). Cf. Ottley v. Sheepshead Nursing Home, 784 F.2d 62, 65-66 (2d Cir.1986)(in certain circumstances a health care center taken into receivership by the Commissioner of the New York State Department of Health can be considered a "political subdivision" of the state exempting it from the LMRA). Therefore, the district court should have dismissed Zuccaro's LMRA claim for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).
 
 
 5
 To the extent that Zuccaro seeks to allege a claim under 42 U.S.C. § 1983, the district court properly dismissed it as timebarred. The statute of limitations for Section 1983 actions brought in a federal court sitting in New York is three years. Owens v. Okure, 488 U.S. 235, 251 (1989)("New York's 3-year statute of limitations governing general personal injury actions" applies to § 1983 claims). The limitations period begins to run when "the plaintiff knows or has reason to know of the injury which is the basis of his action." Singleton v. New York, 632 F.2d 185, 191 (2d Cir.1980), cert. denied, 450 U.S. 920 (1981) (citation omitted). Zuccaro had knowledge of his claim when he complained to the union representative in June, 1989. Zuccaro filed this complaint on November 1, 1994, more than four years after he learned of the injury. His Section 1983 claim is thus time-barred.
 
 
 6
 We therefore affirm.